UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO HERRERA,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF SAN BENITO,<br><br>        Defendant. | Case No. 24-cv-01133-NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**<br><br>Re: ECF 81 |

Plaintiff Rosario Herrera brings this action against Defendant County of San Benito on behalf of herself and her deceased son, Jessie Andrew Barrientos, following Barrientos' death by suicide while held as a pre-trial detainee at the San Benito County Jail. About six weeks after the close of fact discovery, Plaintiff filed this motion for leave to file a fourth amended complaint, which would add three claims she argues are supported by facts that she first learned of at the end of or after fact discovery. Defendant opposes, arguing Plaintiff unduly delayed, and that amending the pleadings after the close of discovery and while summary judgment is pending would cause it undue prejudice. As discussed below, the Court finds Plaintiff's motion meets the good cause standard of Federal Rule of Civil Procedure 16(b) and the liberal amendment standard of Federal Rule of Civil Procedure 15(a). Accordingly, the Court GRANTS Plaintiff leave to file a fourth amended complaint.

## I. Procedural Background

Plaintiff initiated this action in San Benito County Superior Court. Defendant removed to this Court. ECF 1. The Court granted motions to dismiss the first amended and second amended complaints. ECF 17, 34. Plaintiff filed a third amended complaint. ECF 35. The Court denied Defendant's motion to strike and granted in part and denied in part Defendant's motion to dismiss the third amended complaint. ECF 45. The Court dismissed two claims, including a claim under 42 U.S.C. § 1983 for Inadequate and Reckless Training, with leave to amend, but Plaintiff filed a notice indicating she would not seek to amend the two claims at that time, but might in the future. ECF 48.

Plaintiff filed the present motion for leave to amend on July 18, 2025. ECF 81 (Mot.). The sole claim in the current operative third amended complaint is a § 1983 claim for Unconstitutional Policy of Understaffing the Jail. Plaintiff's proposed fourth amended complaint, ECF 81-1, seeks to add the following second, third, and fourth claims for: (2) § 1983 Unconstitutional Policy of Failure to Protect Inmates; (3) § 1983 Inadequate and Reckless Training; and (4) Violation of Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Defendant filed an opposition to the motion, ECF 83 (Opp'n), and Plaintiff replied, ECF 87 (Reply).

A week before Plaintiff filed her motion, Defendant filed a motion for summary judgment on the third amended complaint, which is now fully briefed. ECF 78, 84, 86. Both parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). ECF 10, 11.

## II. Federal Rule of Civil Procedure 16(b)

Neither party recognizes nor discusses the relevance of Rule 16(b) to the present motion. "Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b) requires a showing of "good cause" to modify the scheduling order prior to the pretrial conference. *Id.* at 608; Fed. R. Civ. P. 16(b)(4). As such, when a

party moves to amend the pleadings after the scheduling order has been issued, it must show good cause for amendment. *Johnson*, 975 F.2d at 608–09.  Only after a court is satisfied that there is good cause under Rule 16(b) does it assess whether amendment is proper under Rule 15.  *See id.* at 608; *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7308385, at *1 (N.D. Cal. Nov. 6, 2023).

The good cause inquiry under Rule 16(b) "primarily considers the diligence of the party seeking the amendment" and "the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," if the moving party "was not diligent, the inquiry should end." *Id.*

Here, the Court issued a pretrial scheduling order on December 17, 2024, which stated, "[t]he date to amend the pleadings or add parties without leave of the Court has passed." ECF 59.  As a result, the Court must first assess whether Plaintiff establishes good cause under Rule 16(b) to file a fourth amended complaint.  The Court finds she does.

The parties exchanged initial disclosures on January 13, 2025.  Mot. 7; Opp'n 5. Plaintiff served requests for production of documents and written discovery on Defendant two days later, again one month later in February, and again two months later in April. Mot. 7–8; Opp'n 6.  Plaintiff served deposition notices and subpoenas in early April and May in advance of the June 4, 2025, fact discovery cut-off.  Mot. 8; Opp'n 6.  Plaintiff contends she first learned of facts to support her fourth amended complaint through depositions and document productions that occurred from late May to mid-June.  Mot. 8–10, 13–14.  She then provided a copy of her proposed amended complaint to Defendant on June 30, 2025, and requested to meet and confer before filing the present motion to amend on July 18, 2025.  Mot. 11.  On this timeline, the Court concludes Plaintiff acted diligently and thus establishes good cause under Rule 16(b).

### III. Federal Rule of Civil Procedure 15(a)

Because Plaintiff has established good cause under Rule 16(b), the Court turns to

3

whether leave to amend is appropriate under Rule 15. *See Johnson*, 975 F.2d at 608. Under Rule 15(a), "a party may amend its pleading once as a matter of course," after which time "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Rule 15(a) instructs that courts "should freely give leave when justice so requires"—a policy that is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted); Fed. R. Civ. P. 15(a)(2). Courts consider five factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) prior amendments; (4) undue prejudice; and (5) futility. *Eminence*, 316 F.3d at 1052 (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "[T]he consideration of prejudice to the opposing party [] carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court briefly addresses each of the five *Foman* factors. Defendant does not meet its burden of establishing undue prejudice, and the factors and policy favoring amendment support granting leave to amend.

### A. Undue Delay

In assessing undue delay, courts evaluate "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). "[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD*, 833 F.3d at 187. Here, the Court does not find undue delay.

Plaintiff contends that she seeks to amend "to conform the pleadings to the evidence that has been developed," much of which she learned from Defendant after the close of discovery. Mot. 5. Defendant, in turn, argues the fact that certain information "came to light very late in the litigation . . . is a situation of Plaintiff's own making" because she unilaterally noticed depositions late in discovery, foreseeably resulting in scheduling

4

issues. Opp'n 12. The Court already concluded that Plaintiff acted diligently and is not persuaded that noticing depositions in the second half of discovery, by itself, undermines that conclusion. *See Skillz*, 2023 WL 7308385, at *3 (considering diligence when evaluating undue delay); *Dunbar v. Google, Inc.*, No. 12-cv-003305-LHK, 2012 WL 6202797, at *15 (N.D. Cal. Dec. 12, 2012) (same).

Moreover, the correct inquiry for undue delay under Rule 15 is not whether Plaintiff could have conducted depositions sooner in discovery, but rather "how quickly the motion for leave to amend was filed after the moving party knew of the necessary facts and theories to support the proposed amendment." *See DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, No. 21-cv-00516-RSH-DDL, 2023 WL 3442085, at *8 (S.D. Cal. May 12, 2023) (citing *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006)). Plaintiff's motion points to specific facts she "gleaned" from depositions and document productions on June 4, 6, 10, 11, 18, and 19, 2025, that support her new allegations and claims. *See Jackson*, 902 F.2d at 1388; Mot. 13–14. Within two weeks of June 19, 2025, Plaintiff sent Defendant a copy of the fourth amended complaint, and within a month she filed it with this Court. Mot. 10–11. There was no undue delay. *See Zoe Mktg., Inc. v. Impressons, LLC*, No. 14-cv-1881-AJB (WVG), 2015 WL 12216341, at *4 ("[T]he Court finds no undue delay on the part of Plaintiff as Plaintiff sought amendment within a month of learning potential grounds for amendment.").

Defendant also emphasizes that Plaintiff unduly delayed because she could have subpoenaed or deposed Wellpath—a third-party nonlitigant contracted with Defendant that Plaintiff for months knew provided medical care to the jail and to Barrientos—to obtain Barrientos's medical record and other relevant information. Opp'n 10–11. But the Court is persuaded by Plaintiff's argument on reply that Defendant had ample opportunity, if not obligation, to provide comparable information that was in its possession, custody, and control, as evidenced by Defendant's ultimate production of Barrientos's medical record to Plaintiff, in response to specific discovery requests. *See* Reply 3–4. It's not clear, then, that Plaintiff acted with undue delay by choosing to seek medical information only from

5

1   Defendant, who did in fact have such information, rather than from third parties. *See*
2   *Dunbar*, 2012 WL 6202797, at \*13–14 (finding plaintiff did not act with undue delay in
3   part because the defendant had "been less than forthcoming" in producing relevant
4   documents, so its "own strategic choices may have contributed to Plaintiff's delay in
5   moving to amend). And nowhere does Defendant argue that any of the facts Plaintiff
6   alleges she relies on in seeking amendment can be found in their disclosures, responses, or
7   productions from earlier in discovery. The Court therefore does not find undue delay on
8   the theory that Plaintiff knew or should have known pertinent facts sooner.

### B. Bad Faith

In evaluating whether a movant seeks leave to amend in bad faith, courts consider evidence of bad faith including whether the motion was brought "to gain a strategic advantage" or avoid dismissal. *Dep't of Fair Emp. and Housing v. Law Sch. Admission Council, Inc.*, No. 12-cv-1830 EMC, 2013 WL 485830, at \*6 (N.D. Cal. Feb. 6, 2013) (*DFEH*). Defendant argues Plaintiff's bad faith is evidenced "by failing to provide proper notice of her motion and by ignoring and omitting" facts and evidence that undermine her new allegations and claims. Opp'n 7–10. Plaintiff noticed a hearing on her motion for two days earlier than required by the Local Rules, for the same day Defendant's motion for summary judgment is to be heard, and for the day before mediation. *See* Opp'n 7–8. The Court does not find, as Defendant contends, that this rises to evidence of Plaintiff's intent to "cause unnecessary delay, to push back the trial in this matter and/or to needlessly increase the cost of this litigation with pending expert discovery." *See* Opp'n 8; *see also* Reply 2 ("Plaintiff's counsel concedes a calendaring error in filing the instant motion."). As discussed below with regards to futility, Defendant's argument that Plaintiff's amended allegations and claims are undermined by discovery amounts to a challenge to the strength of the evidence and is more appropriate for a merits' determination. *See* Opp'n 9–10. As a result, bad faith does not weigh against amendment here.

### C. Prior Amendments

As part of the *Foman* factors, courts consider any "repeated failure to cure deficiencies by amendments previously allowed." 371 U.S. at 182. Defendant argues Plaintiff should not be afforded an opportunity to amend the complaint for a fifth time at this phase of the case. This factor leans in favor of Defendant's stance against amendment. Nonetheless, the Court does not find this factor particularly persuasive, especially where many courts do not even consider it. *See*, *e.g.*, *Skillz*, 2023 WL 7308385, at *2–3; *DNA Genotek*, 2023 WL 3442085, at *4–9. The Court is also cognizant that one of Plaintiff's prior amendments occurred while she was still proceeding *pro se*, and that the Court previously granted Plaintiff leave to amend her claim for Inadequate and Reckless Training, which she opted not to do at the time. ECF 81-2 ¶¶ 1–3; ECF 48.

### D. Undue Prejudice

Defendant argues that amendment would cause it undue prejudice because the matter is already ripe for summary judgment and "discovery would need to be reopened due to Plaintiff's failure to join necessary, indispensable parties which would require costly extensive new preparations for trial by the parties." Opp'n 14. The Court first addresses Defendant's arguments as to indispensable parties before turning to the issue of undue prejudice more broadly. The Court finds any prejudice to Defendant is not undue.

Defendant identifies seven parties it contends are indispensable to Plaintiff's added claims. Opp'n 15. Defendant argues the parties are indispensable "given that they were directly involved in the medical and mental health treatment of Decedent at all times during his incarceration" and "are all separate entities and persons that . . . could have been added under Plaintiff's existing 42 U.S.C. §1983 claims." Opp'n 15. It is not clear why contracted medical providers should have been joined in Plaintiff's existing claim for understaffing the jail, or why these parties are indispensable just because they *could* have been joined. Defendant cites *West v. Atkins* in support, which held only that "a physician employed . . . to provide medical services to state prison inmates" could be held liable under § 1983 as a state actor—not that the physician must be joined in a § 1983 claim

7

1   based on inadequate care. 487 U.S. 42, 54 (1988); *see* Opp'n 15. *West* instead recognized
2   that "[c]ontracting out prison medical care does not relieve the State of its constitutional
3   duty to provide adequate medical treatment to those in its custody." 487 U.S. at 56.
4   Defendant does not argue it is not responsible for the actions of contracted medical
5   providers and offers no other case law or analysis to support its argument that medical
6   providers are indispensable parties to the types of claims Plaintiff's fourth amended
7   complaint alleges. *See also* Reply 4 (stating Defendant testified "that it actively
8   supervises" medical provider Wellpath). Even if Defendant, as it repeatedly notes,
9   believes this case should be "a straightforward medical negligence matter" presumably
10  against Wellpath or its employees, Plaintiff has not brought it as one—a strategy decision
11  within their purview for which they bear the risk or benefit. *See* Opp'n 4.

12   As to Defendant's remaining arguments of undue prejudice, some courts find that
13  the timing of a motion for leave to amend at the end of discovery or during summary
14  judgment effectively causes undue prejudice. *See Mixt Greens v. Sprout Café*, No. 08-cv-
15  5175 EMC, 2010 WL 2794388, at *2 (N.D. Cal. July 15, 2010) (citing Ninth Circuit
16  cases). Defendant argues such is the case here because amendment would require
17  additional expert retention, extensive discovery, issuing of belated subpoenas, and
18  "drastic[]" modification of the case schedule, especially because of the need to add
19  indispensable parties that would be "percipient witnesses." Opp'n 4, 15.

20   But courts considering the practical effect of amendment on the nonmoving party
21  also consider whether amendment would change the nature of the case, the need for and
22  scope of additional discovery, and the nonmoving party's role in any late discovery of
23  facts. For example, in *Genentech, Inc. v. Abbott Laboratories*, the court found that the
24  need for additional discovery, depositions, and postponement of a trial date did "not
25  constitute undue prejudice" where "facts came to light only after the original complaint
26  was filed and during the course of" limited discovery. 127 F.R.D. 529, 531 (N.D. Cal.
27  1989). Here, Plaintiff argues, and Defendant does not deny, that she discovered certain
28  information from Defendant only after the close of discovery. If Defendant played a role

8

1   in delaying the timing of Plaintiff's motion, it is difficult to argue any resulting prejudice is
2   undue.
3          Courts also decline to find undue prejudice where the amendment would not change
4   the nature of the case through new theories or parties. *See Allen v. Bayshore Mall*, No. 12-
5   cv-02368-JST, 2013 WL 6441504, at *4 (N.D. Cal. Dec. 9, 2013) ("The basic fact pattern
6   will remain the same. All that is being added is another legal string to the same old bow.")
7   (citation omitted). Two of Plaintiff's added claims are also § 1983 claims, and all three of
8   the added claims relate to Plaintiff's core theory that the jail was not adequately prepared
9   to care for Barrientos, whether because of understaffing, lack of safety checks, or lack of
10  training, and as a result did not do so. *Cf.* Opp'n 16 (conceding "issues relating to the
11  adequacy of Decedent's medical care were made known to Defendant through the filing of
12  an earlier version of the complaint"). Therefore, the fourth amended complaint does not
13  appear to "advance different legal theories and require proof of different facts" that so
14  depart from Plaintiff's existing claim as to prejudice Defendant. *See AmerisourceBergen*,
15  465 F.3d at 953 & n.10; *DNA Genotek*, 2023 WL 3442085, at *9 (finding undue prejudice
16  where moving party sought to shift theory of who was responsible for inequitable
17  conduct).
18         Finally, although the fourth amended complaint may require additional discovery,
19  the Court does not find that any resulting prejudice would be undue. The discovery taken
20  to date is relevant to the added claims, as evidenced in part by Plaintiff bringing this
21  motion after learning new facts during and after discovery. *See Zoe Mktg.*, 2015 WL
22  12216341, at *4 (finding no undue prejudice where new parties were already involved in
23  litigation and "a significant amount of information related to" a new claim had "already
24  been exchanged through discovery"); *Skillz*, 2023 WL 7308385, at *3 (finding no undue
25  prejudice where discovery on new allegations had already been conducted and the new
26  allegations were "facially relevant" to existing claims). Any additional information that
27  may be relevant to the added claims is also more likely in Defendant's possession, custody,
28  or control. *See Mixt Greens*, 2010 WL 2794388, at *2. Although neither party proffers

9

details as to how much additional discovery they would need to take if amendment is granted, "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15" even if doing so "may entail some additional discovery." *DFEH*, 2013 WL 485830, at *5–6. Even if Defendant will need to seek additional information from its contracted medical providers, the Court is not convinced that any burden in doing so is undue.

### E. Futility

Leave to amend is futile and may properly be denied if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Skillz*, 2023 WL 7308385, at *3; *DCD*, 833 F.2d at 188. "The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment." *Allen*, 2013 WL 6441504, at *5 (citation omitted). As such, courts ordinarily "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Court cannot conclude the added claims are futile and preclude amendment here.

Defendant argues that Plaintiff's new claim under the ADA and RA is futile because "Plaintiff is alleging [] purportedly inadequate or inappropriate medical treatment, not a failure to accommodate a disability." Opp'n 17.[1] However, because of nuances as to when a plaintiff can state a claim under the ADA and RA related to medical care, the Court is disinclined to conclude from the face of the fourth amended complaint that "no set of facts can be proved" to support Plaintiff's ADA and RA claim. *See Skillz*, 2023 WL 7308385, at *3; *Merino v. Cnty. of Santa Clara*, No. 18-cv-02899-VKD, 2019 WL 2437176, at *9–10 (N.D. Cal. June 11, 2019); *Razon v. Cnty. of Santa Clara*, No. 17-CV-

---

[1] Defendant's heading for the futility section of its opposition brief argues the proposed claims are futile for failure to join necessary parties and for Plaintiff's lack of standing under the ADA and RA. *See* Opp'n 16. But the brief itself offers no additional arguments on the failure to join necessary parties and does not mention standing. *See id.*

10

00869-LHK, 2018 WL 405010, at *10 (N.D. Cal. Jan. 12, 2018). The validity of Plaintiff's ADA and RA claim is better decided upon full briefing of a motion on the merits.

Defendant's remaining arguments as to futility contend that Plaintiff's added claims are undermined by contrary evidence Defendant has presented on summary judgment. Although a claim may be futile if it would not survive summary judgment, this is not a case in which the moving party has failed to present any affirmative evidence in support of its amended claims. *See DNA Genotek*, 2023 WL 3442085, at *7. Rather, both sides point to affirmative evidence in support of or against Plaintiff's added claims. Therefore, it is more appropriate to weigh the evidence in the context of a motion for summary judgment.

Because Defendant does not establish undue prejudice or a strong showing of the other *Foman* factors, the Court finds Plaintiff's motion meets the liberal amendment standards of Rule 15(a). *See Eminence*, 316 F.3d at 1052.

## IV. Conclusion

Because Plaintiff meets the amendment standards of Federal Rules of Civil Procedure 16(b) and 15(a), the Court GRANTS Plaintiff's motion for leave to file a fourth amended complaint.

Plaintiff must file the fourth amended complaint at ECF 81-1 and its exhibits as a separate docket entry by August 14, 2025. The parties are further ordered to, by August 18, 2025, meet and confer and file a joint statement of no more than 5 pages on the impact of the fourth amended complaint on the pending motion for summary judgment, ECF 78, and a joint proposal for any changes to the case schedule as a result of this Order.

**IT IS SO ORDERED.**

Dated: August 11, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge